BERSCHLER ASSOCIATES, PC
Arnold I. Berschler (SBN 56557)
1388 Sutter Street, Suite 810
San Francisco, California 94109
415-398-1414
info@berchler.com

Attorneys for plaintiff:
MUTHANA K. A. KORAISH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTHANA K. A. KORAISH, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGE |
| Vs. | |
| UNITED STATES OF AMERICA, | [Seafarer's Action for Personal Injuries and Damages Without Prepayment of Costs – 28 U.S.C., § 1916 – |
| Defendant. | A Claim within the meaning of F.R.C.P. 9(h)] |

Plaintiff Muthana K. A. Koraish claims of the defendant, United States of America, a sum in excess of Two Million Dollars ($2,000,000.00) and alleges:

GENERAL ALLEGATIONS

1. Jurisdiction:     This action arises under the *Jones Act*, 46 U.S.C.,  §30104 and the General Maritime Law, and causes over which the Honorable Court has Supplemental Jurisdiction as hereinafter more fully appears.

COMPLAINT FOR DAMAGE                                        CASE NO. ****

1

2. Intradistrict Assignment:        The plaintiff is a resident of Oakland, California. Patriot Contract Services, LLC, the complained agent of the United States of Americas has its headquarters in Concord, California. Therefore, this action should be assigned to the Oakland Division of this Court.

3. Plaintiff at all relevant times was a seafarer in the United States Merchant Marine as authorized by the United States Coast Guard that has issued to him a Merchant Mariner Credentiasl ("MMC") at all relevant times, who was sustained damage in the course and scope of his employment aboard a ship, said vessel (hereinafter, "SUBJECT VESSEL") is known as the USNS WATSON (T-AKR-310) [1].

4. The date (hereinafter "SUBJECT DATE") of the complained of incident was on or about February 8, 2025.

5. Plaintiff elects to take advantage of the provisions of 28 U.S.C., § 1916 and to proceed herein without prepayment of costs and fees and without security therefor.

6. Defendant, UNITED STATES OF AMERICA (hereinafter also referred to as "UNITED STATES" and/or "EMPLOYER"), is a sovereign nation which has consented to be sued in such actions such as this pursuant to all applicable United States Codes including, but not limited to the *Suits in Admiralty Act*, 46 U.S.C. §§30901; et seq., the *Public Vessels Act,* 46 U.S.C. §§31101; et seq. and/or the *Jones Act,* 46 U.S.C., §30104 as well as the general maritime law. Wherefore, Plaintiff brings this action as a maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

---

[1] Also known as m/v GEORGE WATSON,

COMPLAINT FOR DAMAGE                                                CASE NO. ****

7. At all relevant times, defendant, UNITED STATES, was the owner and/or operator of the SUBJECT VESSEL.

8. The SUBJECT VESSEL was assigned to the Military Sealift Command of the UNITED STATES at all relevant times.

9. On information and belief, the U.S. Military Sealift Command ("MSC") is a specialized command within the Department of the Navy [2]. MSC is the primary provider to the Department of Defense of ocean transportation, responsible for operating civilian-crewed ships that transport military equipment, fuel, food, and supplies to deployed forces worldwide.

10. The SUBJECT VESSEL is one of a number of dry cargo vessels [3] that MSC operates through contracts with private commercial operating companies.

11. On information and belief, the UNITED STATES contracted ("CONTRACT," hereinafter) with Patriot Contract Services, LLC ("PATRIOT") to operate the SUBJECT VESSEL along routes, and to take and discharge cargo as the UNITED STATES instructed.

12.  On information and belief, at all relevant times. The CONTRACT contemplated that PATRIOT would crew the SUBJECT VESSEL through collective bargaining agreements with unions.

---

[2] https://www.msc.usff.navy.mil/About-Us/Mission/
[3] Specifically, the WATSON is a roll-on, roll-off  type vessel that allows large, wheeled vehicles to be loaded without the need of a crane.

COMPLAINT FOR DAMAGE                                              CASE NO. ****

13. On information and belief, at all relevant times, the CONTRACT contemplated that PATRIOT would comply with the terms of collective bargaining agreements with unions regarding vessels subject to the CONTRACT.

14. On information and belief, at all relevant times, the CONTRACT contemplated that PATRIOT would see that operation of the SUBJECT VESSEL would comply with various legal requirements that more broadly relate to U.S. Coast Guard inspected cargo vessels, including the *Safer Seas Act* [4], the ISM (International Safety Management) Code, 33 CFR Part 96, requiring implementation of a safety management system, and other statutory requirements.

15. On information and belief, at all relevant times, PATRIOT owned or operated commercial cargo vessels that were not subject to the CONTRACT.

16. On information and belief, at all relevant times, PATRIOT had human resources personnel, policies, rules guidelines, protocols and procedures to address claims of sexual misconduct by crew members; additionally, as to when and how to discipline allegedly offending crew members. In short, Sexual Assault and Sexual Harassment ("SASH") policies.

17. On information and belief, at all relevant times, PATRIOT had human resources personnel, policies, rules guidelines, protocols and procedures to address employment

---

[4] The *Safer Seas Act* is part of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (Public Law 117-263, Section 11608). Codified in various statutes, including 46 US<, §§3106, 4901, 10104 11101. Extended to NOAA vessels, 33 U.S. Code Chapter 17 Subchapter VI - Sexual Harassment and Assault Prevention.

COMPLAINT FOR DAMAGE                                        CASE NO. ****

related issues; further, some of these personnel and policies, rules, practices, guidelines and procedures were crafted to comply with *Civil Right Act of 1964*, 42 USC 2000e; et seq., as may have been lawfully modified by collective bargaining agreements as to seafarers

18.  On information and belief, at all relevant times, PATRIOT had  human resources personnel, policies, rules guidelines, protocols and procedures to address employment related issues; further, some of these personnel and policies, rules, practices, guidelines and procedures were crafted to comply with various State of California statutes addressing the hiring and termination of employees and prevention of discrimination or harassment of employees, as may have been lawfully modified by collective bargaining agreements as to seafarers.

19. On information and belief, at all relevant times, the CONTRACT contemplated that PATRIOT's SASH policies applicable to its non-CONTRACT vessels would be applied to the operation of CONTRACTED vessels, including the SUBJECT VESSEL.

20. On information and belief, at all relevant times, the SASH policies of PATRIOT were the de facto policies, customs and practices of the SUBJECT VESSEL.

21. On information and belief, at all relevant times, the CONTRACT contemplated that PATRIOT's policies regarding *Civil Right Act of 1964*, 42 USC 2000e; et seq. would be applied to the operation of CONTRACTED vessels, including the SUBJECT VESSEL.

22. On information and belief, at all relevant times, the policies regarding *Civil Right Act of 1964*, 42 USC 2000e; et seq. policies of PATRIOT were the de facto policies, customs and practices of the SUBJECT VESSEL.

COMPLAINT FOR DAMAGE                                    CASE NO. ****

5

23. On information and belief, at all relevant times, the CONTRACT contemplated that PATRIOT's policies regarding the various State of California statutes addressing the hiring and termination of employees and prevention of discrimination or harassment of employees, would be applied to the operation of CONTRACTED vessels, including the SUBJECT VESSEL.

24. On information and belief, at all relevant times, the various State of California statutes addressing the hiring and termination of employees and prevention of discrimination or harassment of employees, incorporated into PATRIOT's personnel policies  were the de facto policies, customs and practices of the SUBJECT VESSEL.

25. During the voyage of the SUBJECT VESSEL that included SUBJECT DATE, one or more crew members of the SUBJECT VESSEL made untrue accusations against Boatswain Koraish to vessel-side management of alleged conduct by Plaintiff that said management deemed to be sexual harassment.

26.  In response to said accusations of SASH conduct, vessel-side management terminated Boatswain Koraish's service aboard the SUBJECT VESSEL and caused him to disembark before the end term of his Articles (contract of employment).

27. When terminating Mr. Koraish, his EMPLOYER caused such to be done publicly in front of other crew members.

28. When terminating Mr. Koraish, his EMPLOYER caused such to be done publicly in front of other crew members who witnessed the written accusation of "Sexual Assault and Sexual Harassment." See, Exhibit 1 attached, a true correct copy of the *Discharge for Cause* writing, which is incorporated herein by reference as if fully set forth at length.

COMPLAINT FOR DAMAGE                                    CASE NO. ****

29. In the lead up to termination, EMPLOYER failed to follow its SASH-based policies, custom and practices.

30. In the lead up to termination, EMPLOYER failed to follow its 42 USC. §2000e based policies, custom and practices.

31. In the lead up to termination, EMPLOYER failed to follow its California statutory  based policies, custom and practices.

32. EMPLOYER by and through PATRIOT, pursuant to  46 U.S. Code § 10104, reported to the United States Coast Guard that Plaintiff Koraish had been terminated because he sexually harassed one or more crew despite the fact that such accusation was not true.

33. The United States Coast Guard investigated the accusation of sexual harassment in order to determine whether or not to file  an administrative law complaint of *Misconduct* seeking to revoke Plaintiff's Merchant Mariner Credential.

34. After investigation, including communications with PATRIOT, the U.S. Coast Guard determined there was insufficient evidence to prosecute Boatswain Koraish's MMC.

35. As a legal result of UNITED STATES' complained conduct, Plaintiff has been put on a "do not ship" or "blackball" list preventing him from working when he applied for work, all to his damage.

36. As a legal result of UNITED STATES' complained conduct, Plaintiff has had to take subsequent employment at a lesser rating than boatswain, all to his damage.

<u>FIRST CAUSE OF ACTION</u>

(Jones Act Negligence)

COMPLAINT FOR DAMAGE                                                    CASE NO. ****

37. Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

38. At all relevant times, EMPLOYER owed to Mr. Koraish duties of care, *inter alia*, to comply with all applicable employment related policies, customs and practices when investigating and otherwise addressing allegations of misconduct, including without limitation sexual harassment.

39. On or about the SUBJECT DATE, EMPLOYER , despite having the means to perform its complained duties of care owed to Plaintiff, as alleged above, EMPLOYER negligently breached one or more of the above-said duties of care owed to Plaintiff by failing to fulfill any and or all of those particular policies customs and/or practices or others as may be disclosed upon discovery hereafter. Further said breaches of duty legally contributed to cause Plaintiff to suffer, directly or indirectly, the hereinafter complained of injuries for which EMPLOYER is liable to Plaintiff in damages.

40. On or about the SUBJECT DATE, plaintiff was engaged in the general course and scope of the aforesaid employment, and while in the general performance of same and as a legal result of negligence imputable to EMPLOYER, plaintiff was caused to suffer severe injury, including bodily injury and injury to Plaintiff's state of mind and to his professional reputation.  The full extent of all such injuries, conditions and disturbances is not yet precisely known; wherefore, leave to more particularly allege is prayed.

41. By reason of and as a legal result of the foregoing premises, Plaintiff has in the past and shall in the future continue to be legally caused to suffer injuries and damages:

COMPLAINT FOR DAMAGE                                      CASE NO. ****

a.    For the compensable value of physical and emotional injuries, humiliation, anxiety, physical pain, suffering.

b.    For the compensable value of damage to his state of mind.

c.    For the compensable value of damage to his professional reputation.

d.    For the loss of wages and earning power.

e.    For the compensable value of the loss of life's pleasures.

All said injuries and damage in an extent, not now precisely known, in excess of $ 2,000,000.00.

WHEREFORE, Plaintiff prays for compensatory damage as hereinafter appears.

<u>SECOND CAUSE OF ACTION</u>

(Unseaworthiness)

42. Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

43. At all relevant times, the UNITED STATES owed to the plaintiff its duties of care to provide a seaworthy vessel in all particulars, including without limitation:

a.    Having in place employment  policies customs and practices that met lawful criteria.

b.    Executing  employment  policies customs and practices that met lawful criteria.

c.    Having in place vessel side management, including without limitation the SUBJECT VESSEL's Captain Bradford and/or Chief Mate Livi, and others whose names now are unknown who were competent in investigation, in determining which policies, customs and practices were to be followed, and how.

COMPLAINT FOR DAMAGE                                        CASE NO. ****

44. The UNITED STATES nevertheless breached said duties in that, at all relevant times, the SUBJECT VESSEL was unseaworthy in failing to

a.      Have in place employment  policies customs and practices that met lawful criteria.

b.      Execute  employment  policies customs and practices that met lawful criteria.

c.      Have in place vessel side management, including without limitation the SUBJECT VESSEL's Captain Bradford and/or Chief Mate Livi, and others whose names now are unknown who were competent in investigation, in determining which policies, customs and practices were to be followed, and how.

45. By reason of and as a legal result of the foregoing premises, plaintiff has in the past and shall in the future continue to be legally caused to suffer injuries and damages:

a.      For the compensable value of physical and emotional injuries, humiliation, anxiety, physical pain, suffering.

b.      For the compensable value of damage to his state of mind.

c.      For the compensable value of damage to his professional reputation.

d.      For the loss of wages and earning power.

e.      For the compensable value of the loss of life's pleasures.

All said injuries and damage in an extent, not now precisely known, in excess of $ 2,000,000.00.

WHEREFORE, Plaintiff prays for compensatory damage as hereinafter appears.

### PRAYER

WHEREFORE, plaintiff claims against defendant as for the below-listed compensatory damage, in total in excess of $2,000,000.00 as follows:

COMPLAINT FOR DAMAGE                                        CASE NO. ****

1.  General damages according to proof.

2.  Special damages according to proof.

3.  Costs of suit.

4.  Prejudgment interest as allowed by law.

5.  Such other, further relief as the court may deem proper and just.

DATED: May 11, 2026                    BERSCHLER ASSOCIATES, PC.

_____
Arnold I. Berschler, attorney
for MUTHANA K. A. KORAISH

COMPLAINT FOR DAMAGE                                       CASE NO. ****

# EXHIBIT 1



USNS WATSON TAKR 310
UNIT 100504 BOX 1
FPO AP 96683

08-FEB-2025

DISCHARGE FOR CAUSE

From:  Capt Steven Bradford, USNS WATSON

To: Boatswain Muthana Koraish, USNS WATSON

On February 7, 2025, the Master was directed from Patriot Contact Services Management to discharge Bosun Koraish due to a violation of the companies Procedures for Sexual Assault and Sexual Harassment Policies (PRO-658).

The accusations against you will be investigated and PCS Management will be in communication.

Any further information or correspondence can be directed to the SASH Contact (818-747-7338)

Therefore, this LETTER OF DISCHARGE FOR CAUSE constitutes formal notice of termination of employment aboard the USNS Watson.

Captain Bradford _____

Chief Mate Livi _____

SUP Representative _____

I have received and understand the above Letter of Discharge for Cause.  I do or do not wish to submit a statement.

{Statement if any}

Bosun Muthana Koraish, _____    Date __S - FEB. 2025__